# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMCAST IP HOLDINGS I, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>SPRINT COMMUNICATIONS COMPANY L.P.; SPRINT SPECTRUM L.P.; and NEXTEL OPERATIONS, INC.,<br><br>    Defendants. | C.A. No.: 1:12-cv-00205-(RGA)<br><br>**DEMAND FOR JURY TRIAL** |

### OPENING BRIEF IN SUPPORT OF SPRINT'S MOTION TO STRIKE PORTIONS OF JEFFREY DWOSKIN'S EXPERT REPORT AND EXCLUDE ALL EVIDENCE OF INDUCED INFRINGEMENT

**MORRIS JAMES LLP**
Richard Herrmann (DE #405)
    rherrmann@morrisjames.com
Mary B. Matterer (DE #2696)
    mmatterer@morrisjames.com
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
T: 302.888.6918
F: 302.571.1750

*Attorneys For Sprint Parties*

**SHOOK, HARDY & BACON LLP**
B. Trent Webb (*pro hac vice*)
Aaron Hankel (*pro hac vice*)
Ryan Schletzbaum (*pro hac vice*)
Ryan D. Dykal (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
T: 816.474.6550
F: 816.421.5547

Robert Reckers (*pro hac vice*)
Jared Tong (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, Texas 77002-2992
T: 713.227.8008
F: 713.227.9508

*Of Counsel*

Date:  January 17, 2014

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................... 1

II.  NATURE AND STAGE OF THE PROCEEDINGS .......................................................... 2

III. SUMMARY OF THE ARGUMENT ................................................................................... 2

IV.  STATEMENT OF FACTS .................................................................................................... 3

V.   LEGAL STANDARDS .......................................................................................................... 4

    A.   Admissibility of Expert Testimony ............................................................................. 4

    B.   Induced Infringement Pleading Standard .................................................................. 4

VI.  ARGUMENT ........................................................................................................................... 5

    A.   Comcast Plainly Failed to Plead Induced Infringement so Dr. Dwoskin's Opinions Regarding Inducement are Irrelevant ........................................................ 5

    B.   Dr. Dwoskin's Opinions Should Be Excluded Because They are Outside the Bounds of Permissible Expert Testimony .................................................................. 6

VII. CONCLUSION ....................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co., Ltd.*,
    501 F.3d 1307 (Fed. Cir. 2007)......................................................................................4

*Allen Organ Co. v. Kimball Int'l, Inc.*,
    839 F.2d 1556 (Fed. Cir. 1988)......................................................................................7

*AstraZeneca UK Ltd. v. Watson Labs., Inc.*,
    No. 10-915-LPS, 2012 WL 6043266 (D. Del. Nov. 14, 2012)......................................8

*BorgWarner, Inc. v. Honeywell Int'l, Inc.*,
    750 F. Supp. 2d 596 (W.D.N.C. 2010) .........................................................................8

*Clouding IP, LLC v. Amazon.com, Inc.*,
    Case Nos. 12-641-LPS, 12-642-LPS, 12-675-LPS, 2013 WL 2293452 (D. Del. May
    24, 2013) .......................................................................................................................5

*DSU Med. Corp. v. JMS Co. Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006)......................................................................................5

*Daubert v. Merrill Dow Pharms., Inc.*,
    509 U.S. 579 (1993).............................................................................................1, 2, 4, 6

*Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*,
    394 F.3d 1368 (Fed. Cir. 2005)..................................................................................2, 7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)..................................................................................1, 5

*In re Rezulin Prods. Liability Litig.*,
    309 F. Supp. 2d 531 (S.D.N.Y. 2004)...........................................................................8

*In re Rosuvastatin Calcium Patent Litig.*,
    MDL No. 08-1949, 2009 WL 4800702 (D. Del. Dec. 11, 2009) .................................8

*In re TMI Litig.*,
    193 F.3d 613 (3d Cir. 1999)......................................................................................4, 6

*Island Intellectual Prop. LLC v. Deutsche Bank AG*,
    No. 09 Civ. 2675, 2012 U.S. Dist. LEXIS 21742, 2012 WL 526722 (S.D.N.Y. Feb.
    14, 2012) .......................................................................................................................6

*Kannankeril v. Terminix Int'l, Inc.*,
    128 F.3d 802 (3d Cir. 1997)...................................................................................4

*Koch v. Koch Indus., Inc.*,
    2 F. Supp. 2d 1385 (D. Kan. 1998)........................................................................6

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
    670 F. Supp. 2d 349 (D. Del. 2009)..............................................................1, 5, 6

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012)...................................................................1, 5

*Oxford Gene Tech., Ltd. v. Mergen Ltd.*,
    345 F. Supp. 2d 431 (D. Del. 2004)...................................................................2, 8

*Superior Inds., LLC v. Thor Global Enters.*,
    700 F.3d 1287 (Fed. Cir. 2012)...........................................................................2, 5

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009).................................................................................5

*Xpoint Techs., Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010)........................................................................6

**STATUTES**

35 U.S.C. § 271(b) .............................................................................................................2, 4

35 U.S.C. § 101 .......................................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Evid. 702 ..........................................................................................................1, 2, 4, 6

I.     INTRODUCTION

Defendants Sprint Communications Company, L.P., Sprint Spectrum, L.P., and Nextel Operations, Inc. (collectively "Sprint") move to strike the expert opinions related to induced infringement offered by Comcast IP Holdings, I, LLC's ("Comcast") expert, Dr. Jeffrey S. Dwoskin and exclude all evidence of induced infringement. In its Second Amended Complaint, Comcast alleged that Sprint infringed eight patents assigned to Comcast. Importantly, Comcast did **_not_** allege that Sprint induced infringement of any patents. Nor did Comcast set forth plausible facts relating to Sprint's knowledge and intent, as required to state a claim for induced patent infringement.[1] Because Comcast failed to plead induced infringement of U.S. Patent No. 6,873,694 ("the '694 Patent"), Dr. Dwoskin's opinions on induced infringement are not relevant to any fact or issue in this litigation. Likewise, all evidence of inducement should be excluded.

Inducement allegations aside, Dr. Dwoskin's opinions are inadmissible under *Daubert* and Federal Rule of Evidence 702 because they include unsupported statements regarding Sprint's knowledge and intent—issues reserved for the trier of fact. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ This testimony is divorced from "facts or data" and certainly has no relation to any "scientific, technical, or other specialized knowledge" that Dr. Dwoskin claims to possess. *See* Fed. R. Evid. 702. Rather, these conclusory statements are directed to the factual determination of Sprint's knowledge and intent. Dr. Dwoskin's testimony on these issues is not the "product of reliable principles," but

---

[1] *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230 (D. Del. 2012) (citing *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009)).

[2] ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

instead, is a personal opinion that will not help the jury understand the evidence or determine a fact in issue. *See* Fed. R. Evid. 702. For these reasons, Sprint requests that the Court strike the portions of Dr. Dwoskin's report, and exclude all testimony, regarding induced infringement under Fed. R. Evid. 702 and *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993).

## II. NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement lawsuit brought by Comcast against Sprint. Sprint incorporates by reference the "Nature and Stage of the Proceedings" included in its Opening Brief in Support of Sprint's Motion for Partial Summary Judgment that U.S. Patent No. 6,873,694 is Invalid Under 35 U.S.C. § 101, filed concurrently herewith.

## III. SUMMARY OF THE ARGUMENT

1. Comcast failed to timely and adequately plead the required elements of induced patent infringement under 35 U.S.C. § 271(b). *See Superior Inds., LLC v. Thor Global Enters.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012). Therefore, inducement is not an issue for trial and such evidence of inducement is neither relevant nor admissible. Because Dr. Dwoskin's opinions regarding inducement do not relate to an issue properly in dispute, his opinions "will not help the trier of fact to understand the evidence or to determine a fact in issue," and such opinions should be stricken. Fed. R. Evid. 702.

2. Dr. Dwoskin's opinions regarding Sprint's knowledge and intent lie outside the boundaries of permissible expert testimony and inappropriately invade the province of the jury. *Oxford Gene Tech., Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 443 (D. Del. 2004); *Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, 394 F.3d 1368, 1378 (Fed. Cir. 2005). Therefore, Dr. Dwoskin's opinions and proffered testimony related to Sprint's knowledge and intent should be stricken. *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); Fed. R. Evid. 702

## IV. STATEMENT OF FACTS

1. Comcast filed its original Complaint against Sprint alleging infringement of the '694 patent on February 21, 2012. (D.I. 1 at 5-6.)

2. On May 29, 2012, Comcast filed a First Amended Complaint, restating its allegations against Sprint for alleged infringement of the '694 patent. (D.I. 22 at 6.)

3. On October 3, 2012, Comcast filed a Second Amended Complaint setting forth the following allegation of patent infringement for the '694 patent:

> Sprint has been and now is infringing the '694 patent, within this judicial district and elsewhere, by making, using, offering for sale, and/or selling products and services using telephony network optimization methods. Such products and services include, without limitation, Sprint's wireless telephony offerings that support both voice and data (such as, for example, services currently or previously provided under Sprint's Basic, Talk, Simply Everything, Everything Data, Everything Messaging, Everything Plus, and Any Mobile Anytime wireless plans). (D.I. 59 at 6).

4. In its Second Amended Complaint, Comcast does not allege that Sprint had pre-suit knowledge of the '694 patent. (D.I. 59 at 6 ¶¶ 23-26.)

5. In its Second Amended Complaint, Comcast does not allege that Sprint knowingly induced another to infringe any of the asserted patents. (D.I. 59.)

6. In its Second Amended Complaint, Comcast does not allege that Sprint specifically intended to encourage another to infringe any of the asserted patents. (D.I. 59.)

7. Comcast served Dr. Dwoskin's expert report on September 20, 2013 which contains opinions that Sprint induced infringement of the '694 patent. (Ex. A at 42-45.)

8. In the expert report, Dr. Dwoskin's opines on Sprint's state of mind and intent. (Ex. A at 42-45.)

## V. LEGAL STANDARDS

### A. Admissibility of Expert Testimony

Under the Federal Rules of Evidence, the Court must act as a gatekeeper to ensure that "any and all expert testimony or evidence is not only relevant, but also reliable." *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997) (citing *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). Fed. R. Evid. 702, which governs the admissibility of expert testimony, states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The requirement of Rule 702 that testimony "assist the trier of fact to understand the evidence or to determine a fact in issue" primarily goes to relevance. *Daubert*, 509 U.S. at 591. In other words, testimony unrelated to any issue in the case should be excluded as irrelevant and unhelpful. *See id.*; *In re TMI Litig.*, 193 F.3d 613, 670 (3d Cir. 1999) ("expert evidence which does not relate to an issue in the case is not helpful").

### B. Induced Infringement Pleading Standard

Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement shall be liable as an infringer." In order to prevail on a claim of induced infringement, a patentee must first establish direct infringement. *ACCO Brands, Inc. v. ABA Locks Mfr. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007) (citation omitted). In addition, "[i]nducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a

specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (citing *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc in relevant part)).

Because induced infringement implicates additional elements beyond direct infringement, the induced infringement complaint must set forth facts plausibly showing that the defendant specifically intended for another to infringe the patent and knew that another's acts constituted patent infringement. *See Bill of Lading*, 681 F.3d at 1339. In other words, to satisfy the requirements set forth in *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal*, "a claim for inducement must allege the requisite knowledge and intent." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230 (D. Del. 2012) (citing *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009)); *see also Superior Inds.*, 700 F.3d at 1295-96.

## VI. ARGUMENT

### A. Comcast Plainly Failed to Plead Induced Infringement so Dr. Dwoskin's Opinions Regarding Inducement are Irrelevant.

Comcast filed a total of three complaints in this lawsuit. Not a single one of them alleges that Sprint induced infringement of the '694 patent.[3] Specifically, the Second Amended Complaint *fails* to allege that Sprint: (1) specifically intended for its customers to infringe the '694 patent, and (2) knew that its customer's acts constituted infringement of the '694 patent.[4] Both of these elements are essential to pleading a claim of induced infringement. *Superior Inds.*, 700 F.3d at 1295. As a result, Comcast has failed to plead a claim for induced infringement. *See Clouding IP, LLC v. Amazon.com, Inc.*, Case Nos. 12-641-LPS, 12-642-LPS, 12-675-LPS, 2013 WL 2293452, at *3 (D. Del. May 24, 2013) (dismissing claim of induced infringement because

---

[3] The deadline to file amended pleadings was nearly one year ago on February 1, 2013. (D.I. 36 ¶ 2.)
[4] The '694 patent is the only asserted patents discussed in Dr. Dwoskin's report. (*See* Ex. A at 42-45.)

complaint failed to plead facts sufficient to infer intent); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356-57 (D. Del. 2010) (dismissing claim of induced infringement against certain defendants when complaint failed to allege that defendants had preexisting knowledge of asserted patent); *Mallinckrodt*, 670 F. Supp. 2d at 354 (dismissing claim of induced infringement when plaintiff failed to allege that defendants had knowledge of patents at the time of alleged infringement or that defendants had any intent to induce infringement).

Based on Comcast's pleading, induced infringement is not at issue in this case. Therefore, Comcast is precluded from offering evidence of induced infringement at trial. In addition, "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (citing 3 Weinstein & Berger ¶ 702[02], p. 702-18). Consequently, Dr. Dwoskin's opinions related to inducement are irrelevant and unhelpful to the jury. The Court should prohibit Dr. Dwoskin from offering any opinions or testimony on induced infringement. *See In re TMI Litig.*, 193 F.3d at 670 (affirming exclusion of expert's model because it did not assist the trier of fact); *see also Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1401 (D. Kan. 1998) (excluding expert testimony related to claims that plaintiffs had not pled); Fed. R. Evid. 702; *Daubert*, 509 U.S. at 589-91.

### B. Dr. Dwoskin's Opinions Should Be Excluded Because They are Outside the Bounds of Permissible Expert Testimony.

Notwithstanding Comcast's failure to plead induced infringement, Dr. Dwoskin's opinion should also be stricken because he purports to provide expert testimony on issues reserved for the trier of fact—namely, Sprint's knowledge and intent. In its role as gatekeeper, a court must carefully circumscribe the boundaries of expert testimony to assure that the expert does not usurp the role of the jury in making factual determinations. *Island Intellectual Prop. LLC v. Deutsche Bank AG*, No. 09 Civ. 2675, 2012 U.S. Dist. LEXIS 21742, at *8, 2012 WL 526722, at *2

(S.D.N.Y. Feb. 14, 2012) (citation omitted). Importantly, "intent is a factual determination particularly within the province of the trier of fact." *Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, 394 F.3d 1368, 1378 (Fed. Cir. 2005) (quoting *Allen Organ Co. v. Kimball Int'l, Inc.*, 839 F.2d 1556, 1557 (Fed. Cir. 1988)).

The majority of Dr. Dwoskin's expert report relates to his opinions that Sprint directly infringed the '694 patent—a necessary predicate to a finding of inducement. Dr. Dwoskin, however, also includes opinions on Sprint's alleged indirect infringement of the '694 patent by intermingling unsubstantiated opinions of Sprint's knowledge and intent.[5] This portion of his opinion, which attempts to establish the other elements of a claim for inducement (*i.e.*, knowledge of the patent, knowing inducement of infringing acts, and specific intent to encourage another's infringement), is improper expert opinion and should be excluded.[6]



---

[5] [REDACTED]

[6] It is self-evident from the headings in Dr. Dwoskin's report that his opinions are targeted to factual voids in Comcast's induced infringement case, which, was never set forth in the complaint. *See id.* at 42-45.

[REDACTED]

███████████████████████████████

Generally, expert witnesses are not permitted to testify regarding "intent, motive, or state of mind, or evidence by which such state of mind may be inferred." *See In re Rosuvastatin Calcium Patent Litig.*, MDL No. 08-1949, 2009 WL 4800702, at *8-9 (D. Del. Dec. 11, 2009) (quoting *Oxford Gene Tech., Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 443 (D. Del. 2004).

As demonstrated by the above examples, Dr. Dwoskin's opinions regarding induced infringement "lie outside the bounds of expert testimony." *In re Rezulin Prods. Liability Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004). Additionally, Dr. Dwoskin's opinions suggest that Comcast may rely on Dr. Dwoskin to testify about inferences relating to what Sprint "knew" about the accused functionalities, as well as the corporation's "intent." Without a doubt, such testimony would invade the province of the jury when evaluating factual evidence. Accordingly, this Court should exclude any testimony from Dr. Dwoskin related to a claim for induced infringement of the '694 patent. *See AstraZeneca UK Ltd. v. Watson Labs., Inc.*, No. 10-915-LPS, 2012 WL 6043266, at * (D. Del. Nov. 14, 2012) (excluding expert testimony regarding inventors' state of mind); *BorgWarner, Inc. v. Honeywell Int'l, Inc.*, 750 F. Supp. 2d 596, 611 (W.D.N.C. 2010) (excluding expert opinion regarding intent in the context of induced infringement); *In re Rosuvastatin Calcium Patent Litig.*, MDL No. 08-1949, 2009 WL 4800702, at *8-9 (D. Del. Dec. 11, 2009) (excluding expert's testimony regarding mental state and intent of patentee); *Oxford Gene Tech., Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 443 (D. Del. 2004) (excluding expert's testimony regarding intent, motive, state of mind, or evidence by which such state of mind may be inferred).

---

█ ███████████████████████████████████

- 9 -

**VII.    CONCLUSION**

Comcast failed to timely and adequately plead induced infringement of the '694 patent. Therefore, Comcast is properly precluded from presenting evidence of induced infringement of the '694 patent at trial.  As such, Dr. Dwoskin's opinions and testimony regarding induced infringement will not be relevant or helpful to the jury.  Moreover, Dr. Dwoskin is not permitted to present expert testimony on Sprint's state of mind and intent.  Accordingly, Sprint respectfully requests that the Court grant Sprint's motion, strike the portions of Dr. Dwoskin's report relating to induced infringement, and preclude all evidence of induced infringement at trial.


Dated:  January 17, 2014