REDACTED - PUBLIC VERSION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

COMCAST IP HOLDINGS I, LLC,

Plaintiff,

v.

SPRINT COMMUNICATIONS COMPANY L.P.; SPRINT SPECTRUM L.P.; and NEXTEL OPERATIONS, INC.,

Defendants.

C.A. No.: 1:12-cv-00205-(RGA)

**DEMAND FOR JURY TRIAL**

REDACTED VERSION

**OPENING BRIEF IN SUPPORT OF SPRINT'S MOTION FOR SUMMARY JUDGMENT THAT COMCAST'S CLAIMS AGAINST SPRINT'S USE OF ALCATEL-LUCENT PRODUCTS ARE BARRED BY LICENSE AND ESTOPPEL**

**MORRIS JAMES LLP**
Richard Herrmann (DE #405)
Mary B. Matterer (DE #2696)
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
T: 302.888.6800
F: 302.571.1750
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Attorneys for Sprint Parties*

**SHOOK, HARDY & BACON LLP**
B. Trent Webb (*pro hac vice*)
Aaron Hankel (*pro hac vice*)
Ryan Schletzbaum (*pro hac vice*)
Ryan D. Dykal (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
T: 816.474.6550
F: 816.421.5547

Robert Reckers (*pro hac vice*)
Jared Tong (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, Texas 77002-2992
T: 713.227.8008
F: 713.227.9508

*Of Counsel*

Dated: January 17, 2014

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ....................1

INTRODUCTION ....................1

SUMMARY OF THE ARGUMENT ....................2

STATEMENT OF UNDISPUTED FACTS ....................2

A. The Accused Sprint Networks; and Sprint's "Use" of Alcatel-Lucent Equipment Allegedly Infringes ....................2

B. The Patent Portfolio, From Filing in 1995 through January 2001 ....................4

C. [REDACTED] ....................6

D. [REDACTED] ....................8

E. [REDACTED] ....................10

ARGUMENT ....................10

I. Legal Standards ....................10

II. [REDACTED] ....................11

A. [REDACTED] ....................11

B. [REDACTED] ....................13

C. [REDACTED] ....................13

D. [REDACTED] ....................14

III. [REDACTED] ....................15

CONCLUSION ....................17

**TABLE OF AUTHORITIES**

**CASES**

*AMP, Inc. v. United States*, 389 F.2d 448 (Ct. Cl. 1968) ........ 15-16

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........ 10-11

*Brad H. v. City of New York*, 17 N.Y.3d 180 (N.Y. 2011) ........ 11

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........ 10

*General Protecht Gp. Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355 (Fed. Cir. 2011) ........ 12

*Intel Corp. v. Broadcom Corp.*, 173 F. Supp. 2d 201 (D. Del. 2001) ........ 2

*JA Apparel Corp. v. Abboud*, 568 F.3d 390 (2d Cir. 2009) ........ 11

*Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63 (2d Cir. 2011) ........ 11

*Lucent Technologies, Inc. v. Tatung Co.*, 269 F.Supp.2d 402 (S.D.N.Y.2003) ........ 6

*TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271 (Fed. Cir. 2009) ........ 16

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571 (Fed. Cir. 1997) ........ 2, 15

**STATUTES AND RULES**

Fed. Civ. P. 56(c) ........ 10

35 U.S.C. § 271(a) ........ 15

## NATURE AND STAGE OF THE PROCEEDINGS

On February 21, 2012, Comcast IP Holdings ("Comcast") filed suit against Sprint, alleging infringement of four patents. Three months later, Comcast filed an Amended Complaint alleging infringement of two additional patents. On October 3, 2012, Comcast filed another Amended Complaint, alleging infringement of two more patents, bringing the total number of Comcast patents-in-suit to eight.

The Court issued an Order construing certain terms of the asserted patents on August 16, 2013. On September 13, 2013, Comcast withdrew allegations of infringement as to four of the asserted patents. The remaining four patents asserted by Comcast are U.S. Patent Nos. 6,873,694, 7,012,916, 8,170,008, and 8,204,046. This motion addresses Sprint's licensing defense for the latter three patents—namely, the '916, '008, and '046 Patents.

## INTRODUCTION

## SUMMARY OF THE ARGUMENT

Comcast's infringement theories are barred as licensed for two reasons:

1) [redacted] *Intel Corp. v. Broadcom Corp.*, 173 F. Supp. 2d 201, 218 (D. Del. 2001) (McKelvie, J.);

2) [redacted] *See Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997).

By virtue of the forgoing, Sprint is entitled to summary judgment that Comcast's infringement allegations against allegedly infringing uses of Alcatel-Lucent product are barred by express and implied license.

## STATEMENT OF UNDISPUTED FACTS

### A. The Accused Sprint Networks; and Sprint's "Use" of Alcatel-Lucent Equipment Allegedly Infringes

Comcast accuses two Sprint networks of infringement—namely, Sprint's "wireless" network and Sprint's separate "IMS" networks. In Sprint's wireless network, Comcast specifically accuses Alcatel-Lucent switches as performing the methods allegedly claimed U.S. Patents Nos. 7,012,916, 8,170,008, and 8,204,046. For Sprint's IMS network, Comcast accuses Sprint's use of Alcatel-Lucent gateways as infringing on a number of claim elements from the '008 Patent.

1. Sprint's Wireless Network

[redacted]

[redacted]

---

[1] [redacted]

[redacted] In this case, Comcast alleges one possible future use of these new [redacted] infringes on U.S. Patent Nos. 7,012,916, 8,170,008, and 8,204,046. According to this hypothetical theory, Sprint will infringe "if and when" it begins using these [redacted] to implement certain querying functions Comcast contends are covered by its patents.[4] Critically, these infringement allegations rely exclusively on [redacted]

2. Sprint's IMS Network

Sprint also uses Alcatel-Lucent equipment as part of its separate "IP Multimedia Subsystem" ("IMS") network.[5] Originally launched in 2006, Sprint uses its IMS network to provide a number of specialized calling services accused in this case.[6]

Sprint provides these services over its IMS network [redacted]

---

[2] [redacted] ; *see also* **Exhibit C**, Sprint Press Release at 1 (*available online at* http://newsroom.sprint.com/news-releases/sprint-announces-network-vision-network-evolution-plan.htm) (last accessed January 17, 2014)).

[4] [redacted]

[5] "IMS" networks are defined by a family of protocols promulgated by various industry consortia.

[6] The services at issue in this case are Sprint Mobile Integration, Google Voice integration, and Airave II. Technical details about these services are not particularly relevant to this motion.

[7] [redacted]

[redacted]

Comcast now accuses these devices, [redacted] as performing a number of the method steps covered by the '008 Patent. The accused [redacted] are purchased from Alcatel-Lucent.[8]

**B. The Patent Portfolio, From Filing in 1995 through January 2001**

[redacted] The impact of this date on the current case is demonstrated by the below discussion of the overall portfolio, including the foreign filings, the PCT applications, and corresponding U.S. cases.

Foreign Filings. The asserted patents at issue in this motion are U.S. Patents Nos. 7,012,916, 8,170,008, and 8,204,046 ("the asserted Low patents," after the first-named inventor, Colin Low). The asserted Low patents at issue here are part of a larger family of patents that HP began filing in 1995. As depicted in Figure 1 below, the Low portfolio was initially filed as six separate applications in Europe. The first such application was filed on December 11, 1995. The second was filed 11 days later on December 22, 1995. The other four were filed on February 20, 1996. All of these pre-2001 priority filings are depicted in a dashed-outline box below.[11]

---

[8] [redacted]

[11] *See generally* **Exhibit E**, Compilation of GB9525190, EP95410148, GB9603582, GB9603589, GB9603590, and GB9603591. Because these facts are not reasonably disputed, Sprint has combined each of these applications into a single Exhibit.

PCT Applications. HP thereafter merged several of these separate applications into consolidated international applications under the "Patent Cooperation Treaty." Using different permutations, HP combined several of its earlier applications to form six different PCT applications—numbered PCT/GB96/03048, PCT/GB96/03049, PCT/GB96/03051, PCT/GB96/03054, PCT/GB96/03055, and PCT/GB97/00469.[12] All of these applications share a number of common attributes, including inventors, drawings, descriptions, and priority claims.[13] These pre-2001 PCT applications are shown as solid ovals in Figure 1 below.

U.S. Cases. HP converted all six of these PCT applications into separate U.S. patent applications in 1998. As of January 31, 2001, one of these applications had issued as U.S. Patent No. 6,131,095, whereas the other five were still undergoing examination. The U.S. applications and issued '095 patent are illustrated as a solid box below.[14]

The asserted '916 Patent claims priority to U.S. App. No. 09/077,795, [REDACTED].[15] U.S. Patent Nos. 8,170,008 and 8,204,046 both claim priority to this application through the '916 Patent.[16]

---

[12] *See generally* **Exhibit F**, Compilation of PCT/GB96/03048, PCT/GB96/03049, PCT/GB96/03051, PCT/GB96/03054, PCT/GB96/03055, and PCT/GB97/00469. Because these facts are not reasonably disputed, Sprint has combined each of these applications into a single Exhibit.

[13] *See generally* **Exhibit E** and **Exhibit F**. Given the size of these independent applications, it would be unhelpful to identify all the similarities amongst these related applications. Instead, a simple review of these applications demonstrates these applications are substantially similar, and at times identical.

[14] *See generally* **Exhibit E** and **Exhibit F**; *see also*, *e.g.*, D.I. 59 (Second Amended Complaint) at Exhibits A, E, G (U.S. Patent Nos. 7,012,916, 8,170,008, and 8,204,046) (claiming priority to GB9525190, EP95410148, and GB9603582 from **Exhibit E**, as well as PCT/GB96/03055 in **Exhibit F**).

[15] [REDACTED]

[16] *See*, *e.g.*, *id.* at Exhibits E and G.



GB9525190
(12/11/95)
EP95410148
(12/22/95)
GB9603591
(2/20/96)
GB9603589
(2/20/96)
GB9603590
(2/20/96)
GB9603582
(2/20/96)
PCT/GB96/03048
(12/11/96)
PCT/GB96/03049
(12/11/96)
PCT/GB96/03051
(12/11/96)
PCT/GB96/03054
(12/11/96)
PCT/GB96/03055
(12/11/96)
PCT/GB97/00469
(12/11/96)
App. 09/077,509
(Filed: 6/3/98)
(Pending on 1/31/01)
App. 09/091,065
(Filed: 6/8/98)
(Pending on 1/31/01)
App. 09/077,911
(Filed: 6/4/98)
(Pending on 1/31/01)
U.S. 6,131,095
(Filed: 6/9/98)
(Issued: 10/10/00)
App. 09/077,795
(Filed: 6/5/98)
(Pending on 1/31/01)
App. 09/125,391
(Filed: 12/24/98)
(Pending on 1/31/01)

**C.**

[redacted]

- [redacted]

[redacted]

20 [redacted]

[redacted]

**D.** [redacted]

Long after the above license, [redacted] The relevant and undisputed facts surrounding these transactions are detailed below.

1. [redacted]

[redacted] Comcast acquired HP's rights to patents from two of the above-discussed "PCT" subfamilies—namely, patents from the PCT/GB96/03054 and PCT/GB96/03055 subfamilies.[29] [redacted] Comcast, it acquired HP's rights to exactly half of the existing U.S. Patents (including asserted U.S. Patent No. 7,012,916, as well as pending applications that eventually issued as asserted U.S. Patents Nos. 8,170,008 and 8,204,046).[31]

---

26 [redacted]

31 *See* D.I. 59 (Second Amended Complaint) at Exhibits E and G (U.S. Patent Nos. 8,170,008

Importantly, all of Comcast's initially acquired Low patents claim priority to applications filed well-before January 31, 2001.[32]

and 8,204,046) (both claiming priority to U.S. Pat. App. 11/066,880, now U.S. Patent No. 7,804,816, which was pending at time of the 2008 sale).

[32] PCT/GB96/03054 and PCT/GB96/03055 were both filed on December 11, 1996. These PCT applications were converted into U.S. applications on June 4 and June 5, 1998. All of the asserted Low patents identify and claim the benefit of these earlier-filed patent applications. *See*, *e.g.*, D.I. 59 (Second Amended Complaint) at Exhibits A, E, G (claiming priority to GB9525190, EP95410148, and GB9603582 from **Exhibit E**, as well as PCT/GB96/03055 in **Exhibit F**).





**ARGUMENT**

I. **Legal Standards**

Where there are no genuine disputes over any material fact, summary judgment is appropriate. *See* Fed. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). As the Court is aware, the moving party initially bears the burden of demonstrating a lack of any genuinely disputed fact. *Id.* If established, the burden shifts to the non-moving party to come forward with evidence establishing a genuine dispute warranting trial. *See Anderson v. Liberty*



*Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Under New York law, "the fundamental objective of contract interpretation is to give effect to the expressed intentions of the parties." *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011) (citation omitted). "In a dispute over the meaning of a contract, the threshold question is whether the contract is ambiguous." *Id.* Importantly, "whether a written contract is ambiguous is a question of law for the court." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 396 (2d Cir. 2009).

Contract language is not ambiguous where it has "a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself, and concerning which there is no reasonable basis for a difference of opinion." *Id.* (citation and quotation omitted). Where "the parties' over-all intention" with the contract is made clear, courts should adopt the interpretation that "will carry out the plain purpose and object of the agreement." *Lockheed*, 639 F.3d at 69 (citation and quotations omitted).

II. [redacted]

[redacted] It must therefore be enforced according to its plain terms. *See Brad H. v. City of New York*, 17 N.Y.3d 180, 185 (N.Y. 2011).

**A.** [redacted]

[redacted]

---

47 [redacted]



[49] Here, it is undisputed that Comcast's asserted patents issued in 2007 and 2012, but all "issued ... from" applications filed in 1995-1996.[50]

Importantly, even if the 2007 and 2012 continuation patents Comcast asserts in this case were somehow beyond the express scope Sprint is still entitled to summary judgment as a matter of law. Absent some clearly-articulated provision in the contract, the law imposes an implied license to continuation patents that issue from previously-licensed patents. *See General Protecht Gp. Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1361-62 (Fed. Cir. 2011) ("[W]here, as here, continuations issue from parent patents that previously have been licensed as to certain products, it may be presumed that, absent a clear indication of mutual intent to the contrary, those products are impliedly licensed under the continuations as well.").

It is not reasonably disputed here that Comcast's asserted patents are expressly encumbered by or, at a minimum, impliedly encumbered as a matter of law.

---

[49]

[50] *See* D.I. 59 (Second Amended Complaint) at Exhibits A, E, G (copies of asserted patents, each claiming priority to a number of applications filed long-before January 31, 2001, including, for example, GB9525190.6, EP95410148.1, GB9603582.9, PCT/GB96/03055, and U.S. Patent No. 6,466,570 (filed on June 5, 1998 as U.S. App. No. 09/077,795).

[51]

**B. The License Expressly Extends to [redacted]**

[redacted] In light of these unambiguous grants, it is not reasonably disputed that, barring exception, the [redacted] generally extends to its customers of [redacted] [redacted]

**C. The License Now Rests With [redacted]**

[redacted]

[redacted]

---

52 [redacted]

[redacted][57]

Based on these undisputed facts, Sprint is entitled to summary judgment that [redacted]

**D. The [redacted] License Extends to Sprint, [redacted]**

The contract is also not ambiguous regarding [redacted]"

Sprint, of course, is one such customer. In particular, Comcast has accused Sprint of infringing all of its asserted claims by virtue of its hypothetical future uses of [redacted] supplied to Sprint by Alcatel-Lucent.[59] Under this theory, Comcast accuses Sprint of infringement through its mere operation of the [redacted] to allegedly perform the claimed methods.[60] Comcast has also accused Sprint of infringing the asserted '008 Patent claims through its use of Alcatel-Lucent [redacted] devices to infringe the '008 Patent.[61] Here, Comcast alleges that Sprint's use of licensed product satisfies a number of significant claim elements.[62] Sprint therefore enjoys protections under the above bargained-for customer license, particularly

---

57 [redacted]

as it has performed these steps "with authority." *See* 35 U.S.C. § 271(a) (infringement must be "without authority").

Finally, while there are limited restrictions on the license, none apply here. ***First***, .[63] It is therefore not reasonably disputed that [64] ***Second***, [65] ***Third***, [66]

By virtue of these undisputed facts, Sprint is entitled to summary judgment that it expressly licensed under the asserted Comcast patents.

III. **COMCAST'S INFRINGEMENT ALLEGATIONS ARE BARRED BY LEGAL ESTOPPEL TO THE EXTENT IT NOW SEEKS TO DEROGATE FROM THE LICENSE RIGHTS**

"Implied license is [a] question of law." *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997). "[I]mplied licenses arise by acquiescence, by conduct, by equitable estoppel (estoppel in pais), or by legal estoppel." *Id.* at 1580.

"Legal estoppel refers to a narrower category of conduct encompassing scenarios where a patentee has licensed or assigned a right, received consideration, and then sought to derogate from the right granted." *Id.* In these cases, "[t]he grantor is estopped from taking back in any extent that for which he has already received consideration." *AMP, Inc. v. United States*, 389

[63] *See supra* at fn. 60 and 62.
[64]

[redacted]

F.2d 448, 452 (Ct. Cl. 1968). When plaintiff assigns or licenses a first patent covering an invention that also infringes a second patent, that plaintiff "is estopped from bringing an action against his grantee for that infringement, even though the [second] patent is acquired after the sale [or license] of the [first] patent." *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1278 (Fed. Cir. 2009) (*quoting AMP*, 389 F.2d at 452).

Here, t[redacted][69] Despite the foregoing, Comcast has ignored [redacted] bargained-for rights, [redacted] Sprint, by asserting the [redacted] patents with infringement contentions squarely accusing Alcatel-Lucent products of infringement. *See Transcore*, 563 F.3d at 1279, fn.4 (Fed. Cir. 2009) ("[The patentee's] contentions did not create the implied license; they merely serve as evidence that [the patentee] sought to enforce the '946 patent in derogation of the rights it granted under the ... settlement agreement. That attempted derogation is prevented by legal estoppel, which gives rise to the implied license."). This is precisely the case here—if Comcast contentions are true, it seeks to enforce its encumbered patents in derogation of [redacted] rights. In such cases, the law will impose a license in equity by virtue of legal estoppel.

[redacted]

---

[redacted]



[redacted] In so doing, Comcast seeks to exert greater exclusionary power [redacted], and further seeks to derogate [redacted] would be estopped from leveling Comcast's espoused infringement allegations against [redacted]

Sprint is therefore entitled to summary judgment on this legal issue.

## CONCLUSION

By virtue of the above, Sprint is entitled to a summary judgment that Comcast's infringement claims are barred by express and implied license (estoppel).

**SHOOK, HARDY & BACON LLP**
B. Trent Webb (*pro hac vice*)
Aaron Hankel (*pro hac vice*)
Ryan Schletzbaum (*pro hac vice*)
Ryan D. Dykal (*pro hac vice*)
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
T: 816.474.6550
F: 816.421.5547

Robert Reckers (*pro hac vice*)
Jared Tong (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, Texas 77002-2992
T: 713.227.8008
F: 713.227.9508

*Of Counsel*

Dated: January 17, 2014

*/s/ Richard K. Herrmann*
**MORRIS JAMES LLP**
Richard Herrmann (DE #405)
Mary B. Matterer (DE #2696)
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
T: 302.888.6800
F: 302.571.1750
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Attorneys for Sprint Parties*

[71] **Exhibit H**, Marcus Tr. at 193:3-16.