IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COMCAST IP HOLDINGS I, LLC,     )
           )
       Plaintiff,     )
           )
      v.     )
           )    C.A. No. 12-205-RGA (CJB)
SPRINT COMMUNICATIONS COMPANY )
L.P.; SPRINT SPECTRUM L.P.; and    )    DEMAND FOR JURY TRIAL
NEXTEL OPERATIONS, INC.,     )
           )    **REDACTED**
       Defendants.     )
           )

## PLAINTIFF'S BRIEF IN OPPOSITION TO SPRINT'S MOTION FOR SUMMARY JUDGMENT THAT COMCAST'S CLAIMS AGAINST SPRINT'S USE OF ALCATEL-LUCENT PRODUCTS ARE BARRED BY LICENSE AND ESTOPPEL

Of Counsel:
DAVIS POLK & WARDWELL LLP
Matthew B. Lehr (#2370)
Anthony Fenwick (*pro hac vice*)
David J. Lisson (*pro hac vice*)
Nathan L. Lipscomb (*pro hac vice*)
Anna M. Ison (*pro hac vice*)
Gareth E. DeWalt (*pro hac vice*)
Micah G. Block (*pro hac vice*)
Shiwoong Kim (*pro hac vice*)
Alyse L. Katz (*pro hac vice*)
Alex H. Hu (*pro hac vice*)
Brooke A. Pyo (*pro hac vice*)
1600 El Camino Real
Menlo Park, CA 94025
Tel: (650) 752-2000
Fax: (650) 752-2111

February 10, 2014

CONNOLLY GALLAGHER LLP
Arthur G. Connolly III (#2667)
Ryan P. Newell (#4744)
1000 West St., Suite 1400
P.O. Box 2207
Wilmington, DE 19801
Tel: (302) 757-7300
Fax: (302) 757-7299
aconnolly@connollygallagher.com
rnewell@connollygallagher.com

*Attorneys for Plaintiff*
*Comcast IP Holdings I, LLC*

## TABLE OF CONTENTS

PAGE

INTRODUCTION ........................................................................................................ 1

NATURE AND STAGE OF THE PROCEEDINGS ............................................................ 1

SUMMARY OF ARGUMENT ........................................................................................ 2

CONCISE STATEMENT OF UNDISPUTED FACTS ......................................................... 5

    A.                  **REDACTED** ........................................ 5

    B.         The Filing Dates of the Low Patent Applications ........................................ 6

    C.                 **REDACTED** ........................................ 7

    D.         Sprint's Use of Alcatel-Lucent **REDACTED** ........................................... 8

ARGUMENT .............................................................................................................. 9

    A.         Legal Standards ............................................................................................... 9

    B.         Sprint's Brief Fails to Establish That     **REDACTED**
                      **REDACTED** ......................................... 10

           1.               **REDACTED**
                           10

           2.                      12

           3.                      13

    C.         Sprint's Brief Fails to Establish That Sprint     **REDACTED**
                      **REDACTED** ...... 14

           1.               **REDACTED** ............................................... 14

           2.         Sprint's Use of          Would Be Excluded From Any
                    Customer License to the Asserted Claims of the '008 Patent ....... 15

    D.    ^REDACTED License   **REDACTED** Does Not Encompass the Asserted Low
         Patents ............................................................................................................. 17

    E.         Sprint's Implied License and Estoppel Theories Fail ................................ 18

CONCLUSION ........................................................................................................... 19

i

## TABLE OF AUTHORITIES

PAGE

### Cases

*Anderson v. Liberty Lobby Inc.,*
477 U.S. 242 (1986) .......................................................................................... 9

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) .......................................................................................... 9

*Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.,*
958 F. Supp. 170 (S.D.N.Y. 1997) ..................................................................... 9

*Gen. Protecht Group Inc. v. Leviton Mfg. Co.,*
651 F.3d 1355 (Fed. Cir. 2011) ....................................................................... 19

*Gibson v. Mayor & Council of Wilmington,*
355 F.3d 215 (3d Cir. 2004) .............................................................................. 9

*Intel Corp. v. Broadcom Corp.,*
173 F. Supp. 201 (D. Del. 2001) ...................................................................... 17

*TransCore, LP v. Elec. Transaction Consultants Corp.,*
563 F.3d 1271 (Fed. Cir. 2009) ................................................................... 10, 19

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.,*
103 F.3d 1571 (Fed. Cir. 1997) ....................................................................... 10

*Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.,*
247 F. Supp. 2d 352 (S.D.N.Y. 2002) ........................................................... 9, 10

### Rules

Fed. R. Civ. P. 56(a) ........................................................................................... 9

# INTRODUCTION

**REDACTED**

The failings of Sprint's motion are myriad and conspicuous.[1]

**REDACTED**

## NATURE AND STAGE OF THE PROCEEDINGS

Comcast is asserting four patents against Sprint in this case. Three of those patents -- the

7,012,916, 8,170,008, and 8,204,046 patents (the "asserted Low patents") are at issue here. The

---

[1] Defendants Sprint Communications Company L.P., Sprint Spectrum and Nextel Operations, Inc. shall be referred to collectively herein as "Sprint." Plaintiff Comcast IP Holdings I, LLC shall be referred to as "Comcast."

**REDACTED**

1

Court issued its Claim Construction Order on August 30, 2013,[3] and expert discovery closed on December 20, 2013.[4] On January 17, 2014, Sprint filed its Motion for Summary Judgment that Comcast's Claims against Sprint's Use of Alcatel-Lucent Products are Barred by License and Estoppel.[5] Though not clearly introduced as such, Sprint's motion is in substance a motion for partial summary judgment as to the asserted Low Patents because it is directed (1) to Comcast's allegations against Sprint's wireless network only **REDACTED** used or to be used in that network, and (2) to Comcast's allegations against Sprint's IMS network based on only **REDACTED** This is Comcast's brief in opposition to Sprint's motion.

## SUMMARY OF ARGUMENT

1.      Sprint's motion raises a host of unaddressed factual questions, the answers to which are essential to the establishment of Sprint's license and estoppel theories, but are nowhere addressed by the evidence put forth in support of the motion. **REDACTED**

**REDACTED**

---

[3] D.I. # 137.
[4] The parties mutually agreed to extend expert discovery beyond the initial December 6, 2013 deadline to conduct expert depositions and to further extend damages-related discovery.
[5] D.I. # 161.

**REDACTED**

3.      Sprint's motion is an unmitigated failure even when it comes to establishing those

**REDACTED**

critical facts with which Sprint presumably had direct involvement.

**REDACTED**

---

[6] *See* Sprint's Supporting Brief ("Sp. Br.") at p. 6, n.17 and Exhibit D to the Declaration of
Aaron Hankel in Support of Sprint's Motion for Summary Judgment ("Hankel Decl.").

**REDACTED**

**REDACTED**

4.      Sprint's implied license (or "legal estoppel") theories also fail due to this

**REDACTED**

complete absence of evidence

**REDACTED**

REDACTED


CONCISE STATEMENT OF UNDISPUTED FACTS

REDACTED

A.

REDACTED

**REDACTED**

B.    **The Filing Dates of the Low Patent Applications**

The '916 patent issued from an application filed on January 18, 2002;[18] the '008 patent

issued from an application filed on February 20, 2009;[19] and the '046 patent issued from an

application filed on August 9, 2010.[20]  The asserted '916 patent is a divisional application of U.S.

App. No. 09/077,795 (filed on Dec. 11, 1996).  The '008 and '046 patents are both continuation

**REDACTED**

---

[18] *See* Katz Decl. Ex. 3 at p.1 under "Filed."
[19] *See* Katz Decl. Ex. 4 at p.1 under "Filed."
[20] *See* Katz Decl. Ex. 5 at p.1 under "Filed."

applications of U.S. App. No. 11/066,880 (filed Feb. 25, 2005), which is a divisional application of the '916 patent.[21]

C.                              REDACTED

REDACTED        assigned the rights to the '916 patent and U.S. App. No 11/066,880, as well as the

rights to a number of other patents and applications, to Comcast        REDACTED        The

applications that eventually issued as the '008 and '046 patents were not "pending applications"

            REDACTED                              but were instead filed in 2009 and 2010,

respectively.                         REDACTED

                              REDACTED

---

[21] *See* Katz Decl. Ex. 6 at p.1 under "Filed."
            REDACTED

7

D.     **Sprint's Use of Alcatel-Lucent**     **REDACTED**

Comcast has asserted that Sprint's provision of certain services over its     **REDACTED**

**REDACTED**     network infringes the asserted claims of the asserted Low Patents.[28]

**REDACTED**

In the infringing use cases for accused services Sprint provides over its     network,

when a Sprint subscriber makes a call using his Sprint mobile handset,     **REDACTED**

**REDACTED**

**REDACTED**


**ARGUMENT**

**A.    Legal Standards**

Summary judgment is only appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  There is a genuine issue for

trial when the record would enable a reasonable jury to return a verdict for the non-moving party.

*See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  In making such a determination,

the court must view the record and summary judgment submissions in the light most favorable to

the non-movant, drawing all reasonable inferences in its favor.  *Id.* at 255.  In addition, where

one party moves for summary judgment, but the evidence favors summary judgment for the non-

moving party, "[i]t has long been established that, under the right circumstances, district courts

are entitled to enter summary judgment *sua sponte.*" *Gibson v. Mayor & Council of Wilmington*,

355 F.3d 215, 222 (3d Cir. 2004) (citing *Celotex Corp.*, 477 at 326).

New York law, which governs the Agreement, holds that "when parties set down their

agreement in a clear, complete document, their writing should as a rule be enforced according to

its terms." *Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.*, 247 F. Supp. 2d 352, 361

(S.D.N.Y. 2002).  The "primary objective" of determining the scope of a license must be "to give

effect to the intent of the . . . parties as revealed by the language they chose to use." *Fred Ahlert*

*Music Corp. v. Warner/Chappell Music, Inc.*, 958 F. Supp. 170, 173 (S.D.N.Y. 1997) *aff'd*, 155

---

**REDACTED**

9

F.3d 17 (2d Cir. 1998).  "Further, a court may not draw any inference or give any construction to the terms of a written contract that may conflict with the clearly expressed language of the written agreement." *Wells Fargo Bank Nw., N.A.*, 427 F. Supp. 2d. at 361.

"Legal estoppel refers to a narrow category of conduct encompassing scenarios where a patentee has licensed or assigned a right, received consideration, and then sought to derogate from the right granted." *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1279 (Fed. Cir. 2009) (internal citations omitted).  In conducting an estoppel analysis in an implied license case, courts look "for an affirmative grant of consent or permission to make, use, or sell: i.e. a license." *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1581 (Fed. Cir. 1997).  "[J]udicially implied licenses are rare under any doctrine." *Id.*

**B.**   **Sprint's Brief Fails to Establish**                                  **REDACTED**
         **REDACTED**

Contrary to the vague and unsupported assertions in Sprint's brief,                 **REDACTED**

          **REDACTED**                                              and Sprint provides no

evidence showing that                          **REDACTED**

     1.                                        **REDACTED**

                                     **REDACTED**

REDACTED

REDACTED

Sprint has provided no evidence that

REDACTED

11

establishes any of these facts,[43] and it would be inappropriate and speculative for the Court to assume these facts.  For all we know (and based on the evidence provided by Sprint, we do not know),                                    REDACTED

REDACTED

**REDACTED**

**3.**                                         **REDACTED**

Sprint asserts, absurdly, that                    **REDACTED**

                    **REDACTED**

REDACTED

C.   **Sprint's Brief Fails to Establish That**                    REDACTED
                              **REDACTED**

1.                        REDACTED

                              REDACTED

      Sprint, however, provides absolutely no competent evidence concerning its

purported purchase or lease of Alcatel-Lucent    REDACTED    or under what terms such

equipment was sold or leased.[50]  In fact, Sprint's failure of proof is so fundamental that it is not

even clear                                    REDACTED

    **REDACTED**

[50] The only potential support is Hankel Decl. Ex. C, Sprint's Dec. 6, 2012 Press Release, which
is inadmissible hearsay.
                              REDACTED

REDACTED

2.    Sprint's Use of          Would Be Excluded From Any Customer License to
the Asserted Claims of the '008 Patent

REDACTED

The first step of claim 1 of the '008 patent requires "receiving, over a switched telecommunication system, a request."                                                   **REDACTED**

                                                   **REDACTED**

**REDACTED**          The second step of claim 1 requires "determining, responsive to the request, a call destination using domain name system signaling."                **REDACTED**

                                                   **REDACTED**

**REDACTED** The final step of claim 1 requires "initiating a call through the switched telecommunication system between a calling party and the call destination that was determined as a result of said domain name system signaling."                         **REDACTED**

          **REDACTED**

          Therefore, while Sprint conclusively states that Comcast alleges that Sprint's use of Alcatel-Lucent                              **REDACTED**

                    **REDACTED**                                   a closer examination of Comcast's

infringement allegations reveals that                               **REDACTED**

                              **REDACTED**

16

REDACTED


D.        License to   REDACTED   Does Not Encompass the Asserted Low Patents
                              REDACTED

---

[62] As Sprint notes, the allegations for the other claims of the '008 patent are similar, and a discussion of these claims is omitted for brevity.

[63] Hankel Decl. Ex. D at § 1.01 and App'x A, p.1, defining the term "PATENTS" as those "issued . . . from an application filed on or before January 31, 2001[.]"

[64] Indeed, Sprint cites *Intel Corp. v. Broadcom Corp.*, which analyzes a contract where "Patents" is defined to include "all classes or type of patents . . . and applications . . . which are issued, published or filed *or entitled to a priority filing date* prior to the date of expiration or termination of this Agreement. . . ." 173 F. Supp. 201, 218 (D. Del. 2001) (emphasis added).

Sprint spends several pages discussing prior foreign filings, PCT applications, and U.S. patents and applications other than the asserted Low Patents in an attempt to piece together a convoluted argument as to why the asserted patents—all clearly issued from applications filed post-January 31, 2001— **REDACTED**

But Sprint cannot escape **REDACTED** and the indisputable fact of the dates on which the applications were filed, as made apparent on the face of the patents themselves.[66] While Sprint's brief asserts that it is "important[]" that "all of Comcast's initially acquired Low patents claim priority to applications filed well-before January 31, 2001",[67] that fact is irrelevant **REDACTED**

**REDACTED** Court should issue summary judgment *against* Sprint on its license defense as to those patents.

E.    **Sprint's Implied License and Estoppel Theories Fail**

Sprint's motion fails with respect to its implied license and estoppel theories due to all the failures of proof described above **REDACTED**

**REDACTED** Even putting those issues aside, however, Sprint's reliance on the *General Protecht Group* and *TransCore* decisions as supporting an implied license or estoppel of broader scope than the express license is misplaced. Those cases arose in circumstances starkly different from the circumstances here, and they provide no basis for simply ignoring, as Sprint's motion does, **REDACTED**

**REDACTED**

---

[65] *See* Sp. Br. at 4-6.
[66] *See* Katz Decl. Exs. 3-5.
[67] Sp. Br. at 9.

Both *General Protecht Group* and *TransCore* concerned rights under a litigation settlement agreement that had been focused on a small number of specified patents, considered with respect to the very same products or category of products that had been the subject of the litigation.[68]                     **REDACTED**

**REDACTED**

Moreover,                     **REDACTED**

**REDACTED**

**REDACTED**                     the Federal Circuit: (1) took pains in *Transcore* to note that a disclaimer of implied license there was limited on its face to the release provision of the settlement agreement (rather than extending to the covenant not to sue that was the basis for the court's holdings)[70]; and (2) observed in *General Protecht Group* that "[i]t is well settled that parties are free to contract around an interpretive presumption that does not reflect their intentions."[71]                     **REDACTED**                     justifies judgment as a matter of law against Sprint on its implied license and legal estoppel defense.

### CONCLUSION

Sprint's recitation in its brief of the phrase "it is not reasonably disputed" like a mantra as to one critical fact after another is no substitute for actual evidence. Nor is it a basis for brushing aside, as Sprint would,                     **REDACTED**                     that contradicts Sprint's

---

[68] *See generally Gen. Protecht Group Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355 (Fed. Cir. 2011); *TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271 (Fed. Cir. 2009).
[69] Hankel Decl. Ex. D at § 4.01.
[70] *TransCore, LP*, 563 F.3d at 1277.
[71] *Gen. Protecht Group Inc.*, 651 F.3d at 1361.

19

theories and justifies judgment *for Comcast* on Sprint's license and estoppel defenses.  For the

reasons set forth above, Comcast respectfully requests that Sprint's motion be denied.

Dated:     February 10, 2014

CONNOLLY GALLAGHER LLP
By:  */s/ Ryan P. Newell*
_____

Of Counsel:
DAVIS POLK & WARDWELL LLP
Matthew B. Lehr (#2370)
Anthony Fenwick (*pro hac vice*)
David J. Lisson (*pro hac vice*)
Nathan L. Lipscomb (*pro hac vice*)
Anna M. Ison (*pro hac vice*)
Gareth E. DeWalt (*pro hac vice*)
Micah G. Block (*pro hac vice*)
Shiwoong Kim (*pro hac vice*)
Alyse L. Katz (*pro hac vice*)
Alex H. Hu (*pro hac vice*)
Brooke A. Pyo (*pro hac vice*)
1600 El Camino Real
Menlo Park, CA 94025
Tel:   (650) 752-2000
Fax:   (650) 752-2111

Arthur G. Connolly III (#2667)
Ryan P. Newell (#4744)
1000 West St., Suite 1400
P.O. Box 2207
Wilmington, DE 19801
Tel: (302) 757-7300
Fax: (302) 757-7299
aconnolly@connollygallagher.com
rnewell@connollygallagher.com

*Attorneys for Plaintiff Comcast IP Holdings I, LLC*

20