IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**Comcast IP Holdings I, LLC,**

Plaintiff,

v.

Civil Action No. 12-205-RGA

**Sprint Communications Company L.P.,
Sprint Spectrum L.P.,** and **Nextel
Operations, Inc.,**

Defendants.

## MEMORANDUM ORDER

Presently before the Court is the issue of claim construction of the term "parsing," found in U.S. Patent Nos. 7,012,916 ("the '916 patent") and 8,204,046 ("the '046 patent"). Until recently, the parties had agreed that "parsing" had a plain and ordinary meaning. Now, Comcast proposes that it be construed as, "An automated process of determining the syntactic structure of a language unit by decomposing it into more elementary subunits and establishing the relationships among the subunits." Sprint proposes that it be construed as, "A process of analyzing a string according to a set of rules of a grammar. Parsing does not include mapping a telephone number to a domain name, nor a lookup from a telephone number to a domain name, and it does not refer to any predetermined association between a number string and a domain name. Parsing is also not the same as translating." There are two main issues regarding the proposed constructions. The first is whether parsing requires an automated process. The second is whether Sprint's proposed negative limitations are supported by the prosecution history. The Court heard oral argument on August 20, 2014.

1

Comcast argues that the plain meaning of "parsing" in the context of computer science

requires an automated process. Sprint replies that where the patentee wanted to make clear that

parsing was done by a computer, the claims specifically stated that the computer did the parsing.

Sprint points to claim 90 of the '046 patent and claim 45 of the '916 patent to illustrate this

difference. Claim 90 covers:

> A method, comprising:
> forming, by at least one computing device, from a number string identifying a
>> target entity, a domain name by a process including parsing at least a
>> portion of the number string into at least a part of said domain name; and
> supplying by the at least one computing device, the domain name to a database
>> and receiving back from that database a resource record including a
>> uniform resource identifier (URI) of the target entity.

('046 patent at 45:65-46:7). Claim 45 covers:

> A method of accessing communications data for contacting a target entity, said
> method comprising:
> forming, from a number string identifying the target entity, a domain name by a
>> process including parsing at least a substantial portion of the number
>> string into at least a part of said domain name;
> supplying the domain name formed to a DNS-type database system and receiving
>> back a resource record including an URI for locating communications data
>> associated with the domain name; and
> using the URI received back to access said communications data.

('916 patent at 36:55-67). While only claim 90 specifically requires that a computer perform the

parsing, it is clear that parsing is an automated process. The reference to a computer in claim 90

is merely to make clear that the same device performs both steps of the method. In fact, Sprint

does not contest that the invention relates to computing. The fact that the patentee mentioned a

computer in one claim does not mean that the other claims do not require computers. I therefore

construe "parsing" to require an automated process.

Turning to Sprint's negative limitations, I find that they are not clear disavowals and

would confuse, rather than help, the jury. As Comcast's counsel stated at oral argument, "the

2

presence of parsing should turn on the meaning of parsing." I agree. Both parties seem to agree that parsing is not a one to one relationship and is not a lookup table.[1] But as Sprint repeatedly pointed out during oral argument, parsing must include "analyzing a string according to a set of rules of a grammar." Comcast does not disagree with that definition of parsing (as stated at oral argument). I see no reason to add in negative limitations. I do not dispute that the patentee described things that are not by themselves parsing during the prosecution of the patent in order to elucidate the meaning of "parsing." I do not think, however, that use of those negative limitations rose to the level of a clear disavowal of any claim scope contained within the plain meaning of parsing. I also note that the cited references are not in the record, and Sprint therefore has not shown any disclaimer, assuming that there were a disclaimer.

Additionally, the presence of multiple negative limitations has the distinct possibility of confusing the jury. The fact that the accused system might at some point employ mapping or a lookup table does not mean that it does not parse. I therefore construe "parsing" as, "An automated process of analyzing a string according to a set of rules of a grammar."

Entered this ⟨22⟩nd day of August, 2014.

United States District Judge

---

[1] Comcast made the caveat that a lookup table might be created by parsing.

3