# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMCAST IP HOLDINGS I, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A.  No. 12-0205-RGA (CJB) |
| SPRINT COMMUNICATIONS COMPANY L.P.; SPRINT SPECTRUM L.P.; and NEXTEL OPERATIONS, INC., | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## PROPOSED PRETRIAL ORDER

The following matters as to trial, commencing on October 6, 2014, come before the Court

at a final pretrial conference held on September 15, 2014 pursuant to Rule 16 of the Federal

Rules of Civil Procedure.

**Counsel for Plaintiff Comcast IP Holdings I, LLC ("Comcast"):**

Arthur G. Connolly, III (#2667)
Ryan P. Newell (#4744)

CONNOLLY GALLAGHER LLP
1000 West Street, Suite 1400
Wilmington, DE 19801
Tel:  (302) 757-7300
aconnolly@connollygallagher.com
rnewell@connollygallagher.com

Matthew B. Lehr (#2370)
Anthony I. Fenwick (*pro hac*)
David J. Lisson (*pro hac*)
Micah G. Block (*pro hac*)
Shiwoong Kim (*pro hac*)

DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA 94025
Tel:  (650) 752-2000
matthew.lehr@davispolk.com
anthony.fenwick@davispolk.com
david.lisson@davispolk.com
micah.block@davispolk.com

Vesna Cuk (*pro hac*)

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel:  (212) 450-4000
vesna.cuk@davispolk.com

**Counsel for Defendant Sprint Communications Company L.P., Sprint Spectrum L.P. and Nextel Operations, Inc. ("Sprint"):**

Richard Herrmann (#405)
Mary B. Matterer (#2696)

MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel:  (302) 886-6918
rherrmann@morrisjames.com
mmatterer@morrisjames.com

B. Trent Webb (*pro hac*)
Aaron Hankel (*pro hac*)
Ryan Schletzbaum (*pro hac*)
Ryan Dykal (*pro hac*)

SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108
Tel:  (816) 474-6550
bwebb@shb.com
ahankel@shb.com
rschletzbaum@shb.com
rdykal@shb.com

Robert Reckers (*pro hac*)
Jared Tong (*pro hac*)

SHOOK, HARDY & BACON LLP
600 Travis Street, Suite 3400
Houston, TX 77002
Tel:  (713) 227-8008
rreckers@shb.com
jtong@shb.com

David E. Finkelson (*pro hac*)
Brian C. Riopelle (*pro hac*)

MCGUIREWOODS LLP
901 East Cary Street
Richmond, VA 23219
Tel:  (804) 775-1000
dfinkelson@mcguirewoods.com
briopelle@mcguirewoods.com

Rachelle H. Thompson (*pro hac*)

MCGUIREWOODS LLP
434 Fayetteville Street, Suite 2600
Raleigh, NC 27601
Tel:  (919) 755-6572
rthompson@mcguirewoods.com

## I.      Nature of the Case

1.      This is an action for patent infringement.  Comcast alleges that Sprint has

committed, and continues to commit, direct infringement of U.S. Patent Nos. 7,012,916, entitled

"METHOD AND APPARATUS FOR ACCESSING COMMUNICATION DATA RELEVANT

TO A TARGET ENTITY IDENTIFIED BY A NUMBER STRING" (the "'916 patent"),

8,170,008, entitled "METHOD AND APPARATUS FOR ACCESSING COMMUNICATION

DATA RELEVANT TO A TARGET ENTITY IDENTIFIED BY A NUMBER STRING" (the

"'008 patent"), and 8,204,046, entitled "METHOD AND APPARATUS FOR ACCESSING

SERVICE RESOURCE ITEMS THAT ARE FOR USE IN A TELECOMMUNICATIONS

SYSTEM" (the "'046 patent") (collectively, the "Asserted Patents").  According to Comcast, the

Asserted Patents disclose technologies that redefined the relationship between telephone

networks and technologies originally developed for computer networks.  Comcast alleges that

Sprint infringes the Asserted Patents by providing telephony services to subscribers using (1)

Sprint Mobile Integration ("SMI"), (2) Google Voice, or (3) Sprint's Airave 2 FemtoCell device

("Airave 2") (collectively, the "Accused Products").  Sprint denies Comcast's allegations of

infringement, asserts various affirmative defenses, and seeks declaratory judgment that it has not

and does not infringe any claim of the Asserted Patents.

2.      Comcast has also alleged that Sprint has committed, and continues to commit,

direct infringement and active inducement of infringement of U.S. Patent No. 6,873,694, entitled

"TELEPHONY NETWORK OPTIMIZATION METHOD AND SYSTEM" (the "'694 patent").

On July 16, 2014, the Court granted Sprint's motion for partial summary judgment and held that

claim 21, the only asserted claim of the '694 patent, is invalid for claiming unpatentable subject

matter under 35 U.S.C. § 101.  [D.I. 291.]  Accordingly, the '694 patent will not be addressed at

trial.

3.    The issues to be tried are raised in the following pleadings[1]:

a.    Comcast's Second Amended Complaint [D.I. 59], and

b.    Sprint's Answer and Counterclaims to Comcast's Second Amended

Complaint [D.I. 62]

4.    Both parties seek a jury trial on all issues triable by a jury.

## II.    Jurisdiction

5.    This is an action for patent infringement arising under the Patent Laws of the

United States, Title 35 U.S.C. §§ 101 *et seq*.

6.    The jurisdiction of the Court is not disputed and is proper under 28 U.S.C. §§

1331 and 1338(a).  Jurisdiction over Sprint's counterclaims is proper under 28 U.S.C. §§ 1331,

1338(a), 2201, and 2202.

7.    Venue is proper under 28 U.S.C. §§ 1391(b), (c), and 1400(b), and the Court has

personal jurisdiction over the parties.

8.    Comcast seeks a judgment that Sprint has infringed and is infringing the '916

patent, the '008 patent, and the '046 patent; compensatory damages including interest and costs;

attorneys' fees; and such other and further relief in law or in equity as this Court deems just or

proper.  Sprint seeks declaratory judgment that Sprint has not infringed and does not infringe any

claim of the Asserted Patents; judgment that one or more asserted claims of the Asserted Patents

---

[1] The parties' respective claims with respect to the following patents referenced in the pleadings have been withdrawn:  U.S. Patent Nos. 7,206,304, entitled "Method And Apparatus For Determining A Telephone Number For Accessing A Target Entity," 7,903,641, entitled "Method And Apparatus For Accessing Communication Data Relevant To A Target Entity Identified By A Number String," 8,189,565, entitled "Method And Apparatus For Accessing Communication Data Relevant To A Target Entity Identified By A Number String," and 8,223,752, entitled "Method For Accessing Service Resource Items That Are For Use In A Telecommunications System."  In addition, Comcast has withdrawn its request for a finding of willful infringement of the '916 patent and an award of enhanced damages based thereon.

are invalid; judgment that Comcast is not entitled to the relief it has requested; and such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

9.     Facts supporting jurisdiction are set forth in the Statement of Uncontested Facts attached as **Exhibit 1.**

## III.     Uncontested Facts

10.     Attached as **Exhibit 1** are facts that are not disputed or have been agreed to or stipulated by the parties, and require no proof at trial.

## IV.     Contested Issues of Fact

11.     Comcast's statement of the issues of fact that remain to be litigated is attached as **Exhibit 2.**

12.     Sprint's statement of the issues of fact that remain to be litigated is attached as **Exhibit 3**.

## V.     Contested Issues of Law

13.     Comcast's statement of the issues of law that remain to be litigated, and citation of authorities relied upon, is attached as **Exhibit 4.**

14.     Sprint's statement of the issues of law that remain to be litigated, and citation of authorities relied upon, is attached as **Exhibit 5**.

## VI.     Exhibits

15.     Comcast's list of pre-marked exhibits to be offered at trial is attached as **Exhibit 6**. Comcast's evidentiary exhibits will be identified by numbers prefixed with "PTX." Comcast's demonstrative exhibits will be identified by numbers prefixed with "PDEM."

16.     Sprint's list of pre-marked exhibits to be offered at trial is attached as **Exhibit 7**. Sprint's evidentiary exhibits will be identified by numbers prefixed with "DTX."  Sprint's demonstrative exhibits will be identified by numbers prefixed with "DDEM."

17.     These exhibit lists include exhibits that may not necessarily be introduced into evidence. However, except as permitted in Paragraphs 18 and 19 below, any exhibits not listed will not be admitted unless good cause is shown.

18.     These exhibit lists include citations to the Federal Rules of Evidence to note any objections lodged by other parties.  In addition, any exhibits implicated by the parties' motions in limine are deemed objected to.  Exhibits not objected to may be introduced into evidence through any **[SPRINT PROPOSAL:]** fact **[END SPRINT PROPOSAL]** witness competent to testify regarding the exhibit, without the need for additional foundation testimony, provided, however, that an expert may not introduce any exhibit that was not relied upon in any of that expert's reports submitted pursuant to Fed. R. Civ. P. 26(a)(2)(B).

19.     Any documents, deposition transcripts, or portion thereof, or other items, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence only to the extent consistent with the requirements of the Federal Rules of Evidence.

20.     Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections, and if such evidentiary objections are overruled, any such exhibit may be admitted into evidence. Any exhibit, once admitted, may be used equally by each party. The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence.

21.     Each party may use a subset of an exhibit as a standalone exhibit, subject to evidentiary objections.  Such subset exhibit shall marked with the entire exhibit's number followed by a letter, for example, PTX1-A.

22.     The parties agree that any exhibit identified in **Exhibits 6** and **7** and otherwise unobjected to may be used and published to the jury in opening statements by either party.

23.     The parties agree that documents created by a party or subpoenaed third-party and thereafter produced by that party or subpoenaed third-party during the discovery phase of this litigation and identified in **Exhibits 6** and **7** to this Order are presumed prima facie genuine and authentic.  The parties also agree that such documents are presumed to be records kept in the course of the regularly conducted activity of a business pursuant to Federal Rule of Evidence 803(6)(B), however, nothing shall prohibit a party from offering evidence to rebut these presumptions.

24.     The parties agree that any date listed on the exhibit list is not evidence of nor an admission of the date of the document, and that failing to list a date is neither evidence nor an admission of whether the document is dated.  The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document.

25.     Legible photocopies of United States patents and the content of U.S.P.T.O. file histories, including reexamination file histories, may be offered and received in evidence in lieu of certified copies thereof.  The parties stipulate that the dates of filing and issuance shall be deemed to be shown on the face of the '008, '046 and '916 patents.  Legible photocopies of documents may be offered and received in evidence in lieu of originals, subject to all foundational requirements and other objections that might be made to the admissibility of

originals, and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the photocopy.  Electronic versions of document exhibits in their native format, such as spreadsheets or presentations, may be offered and received in evidence in lieu of paper or PDF versions.

26.     The parties will meet and confer in a further effort to refine and shorten their exhibit lists and to resolve objections without the Court's intervention.  These lists will include the exhibit number to be used at trial and a description sufficient to identify the exhibit, *i.e.*, by production number or citation.  On or before the first day of trial, each party will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list corresponding to their respective final exhibit lists.

27.     Each party shall be permitted at the start of its case-in-chief to make an omnibus motion for submission into evidence of exhibits on its list attached hereto (i.e., **Exhibit 6** for Comcast, **Exhibit 7** for Sprint) and not subject to an evidentiary objection recorded thereon.

28.     Each party shall make available for inspection any physical exhibits by September 2, 2014. The parties have agreed that the demonstrative exhibits the parties intend to use at trial do not need to be included on their respective lists of trial exhibits attached as **Exhibits 6** and **7** to this order.

29.     The parties shall identify and exchange demonstrative exhibits to be used in opening statements by 4:00 p.m. Eastern Daylight Savings Time on October 4, 2014.  The parties shall exchange any objections to such demonstrative exhibits by 4:00 p.m. Eastern Daylight Savings Time on October 5, 2014, and shall promptly meet and confer on any such objections that same day.

30.     A party shall identify the witnesses it intends to call to testify, either in person or by deposition, and the order in which they are to be called, by 6:00 P.M. Eastern Daylight Savings Time two (2) days before they are to be called.

31.     A party shall identify trial exhibits and provide demonstrative exhibits to be used in connection with direct examination on October 6, 2014 by 4:00 P.M. Eastern Daylight Savings Time on October 5, 2014.  Any objections will be provided no later than 6:00 P.M. Eastern Daylight Savings Time that same day, and the parties shall promptly meet and confer on any such objections that same day.  For trial days after October 6, 2014, a party shall identify trial exhibits and provide demonstrative exhibits to be used in connection with direct examination by 7:00 P.M. Eastern Daylight Savings Time the day before their intended use.  Any objections will be provided no later than 9:00 P.M. Eastern Daylight Savings Time that same day, and the parties shall promptly meet and confer on any such objections that same day.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand.

32.     The party seeking to use a demonstrative exhibit shall provide a color (if the original exhibit is in color) representation of the demonstrative in PDF format to the other side. For videos or animations, the party seeking to use the demonstrative exhibit shall provide it to the other side in digital interactive format, including, as applicable, flash format, PPT format, MPG or other video format.  For irregularly sized physical demonstrative exhibits, the party seeking to use it shall provide a color representation in 8.5" x 11" PDF format.

33.     The foregoing provision does not apply to demonstratives created during testimony or to exhibits and demonstratives to be used for cross examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights

of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

34.     The parties agree that notice of a party's intended use of blow-ups (enlargements) of trial exhibits and/or deposition testimony and of ballooning, excerption, highlighting, etc. of such exhibits and/or deposition testimony need not be given (and need not be exchanged as a demonstrative exhibit), as long as the party has identified its intent to use the trial exhibit and/or deposition testimony according to the provisions of this Order, and such ballooning, excerption, highlighting, etc., accurately reflects the content of the exhibit.

35.     **[COMCAST PROPOSAL:]** On the first day of trial, each member of the jury will be provided a notebook containing the Asserted Patents and a glossary of the claim terms of the Asserted Patents that have been construed and their constructions.  **[END COMCAST PROPOSAL]**

36.     Upon the end of all parties' presentation of evidence, the parties will compile one (1) binder for the jury containing copies of all exhibits in evidence.  These binders shall be distributed to the jurors before they commence deliberation, and shall be collected from the jurors each night before they retire from deliberation.  When not in the possession of the jurors, the binder will be held by the bailiff of the Court.

**VII.     Witnesses**

37.     Comcast may call the following witnesses to testify, either in person or by deposition, at trial in its case-in-chief:

    a.  Eric Burger

    b.  Wade Burris

    c.  Mark Dellinger

    d.  Pierce Gorman

    e.  Colin Low

    f.  David Marcus

    g.  Mike McRoberts

    h.  Carla Mulhern

    i.  Nicolas Nehme

    j.  Andrew Franklin Seaborne

    k.  Mark Yarkosky

38.    Sprint may call the following witnesses to testify, either in person or by deposition, at trial in its case-in-chief:

    a.  Debra Aron

    b.  Ken Cannizzaro

    c.  Russell Huntsman[2]

    d.  David Marcus

    e.  M. Ray Mercer

    f.  Phillip Miller

    g.  Nicolas Nehme

    h.  Marshall Rose

    i.  Mark Yarkosky

39.    Any witness not listed above is precluded from testifying, absent good cause shown, except that each party reserves the right to call rebuttal witnesses as may be necessary, on

---

[2] Comcast understands that Mr. Huntsman is listed only as a substitute in the event that Mr. Nehme is unavailable to testify. Regardless, Comcast objects to Mr. Huntsman being called as a witness.

reasonable notice to the opposing party.  No party shall be required to present testimony from any witness on its list of witnesses.

40.     Comcast shall provide a final list of those witnesses it will call in person in its case-in-chief by 6:00 P.M. Eastern Daylight Savings Time on October 1, 2014.  Sprint shall provide a final list of those witnesses it will call in person in its case-in-chief by 6:00 P.M. Eastern Daylight Savings Time on October 3, 2014.

41.     With respect to witnesses who will be called to testify by deposition, the parties have designated specific page and line numbers of deposition testimony that they intend to read or play back during their case-in-chief.  New materials may not be added without good cause.

42.     Comcast's preliminary list of designations, Sprint's objections and counter designations, and Comcast's rebuttal designations of prior testimony are attached hereto as **Exhibit 8**.

43.     Sprint's preliminary list of designations, Comcast's objections and counter designations, and Sprint's rebuttal designations of prior testimony are attached hereto as **Exhibit 9**.

44.     The party intending to offer a witness by deposition on October 6, 2014 shall provide the other party with a list of final deposition designations (from the previously designated testimony, and including counter-designations) it intends to introduce by 4:00 P.M Eastern Daylight Savings Time on October 4, 2014.  The party intending to offer a witness by deposition on any day after October 6, 2014 shall provide the other party with a list of final deposition designations (from the previously designated testimony, and including counter-designations) it intends to introduce by 6:00 P.M. Eastern Daylight Savings Time two days before the deposition testimony is expected to be read or played in Court.  The parties shall

12

promptly meet and confer the same day that such designations are provided.  Once the parties have met and conferred, they will submit any remaining disputed designations for the Court's consideration.  Disputed designations for October 6 and 7 shall be submitted to the Court by the party offering the testimony by 9:00 A.M. Eastern Daylight Savings Time on October 6, 2014. Disputed designations for any day after October 7, 2014, shall be submitted to the Court by the party offering the testimony by the by 9:00 A.M. Eastern Daylight Saving Time on the day before such deposition testimony is expected to be read or played in Court.  The submissions of disputed designations to the Court shall include highlighted copies of the disputed materials and an itemized list of the remaining objections.

45.     If a party designates deposition testimony, and the other party counter-designates, then the designations and counter-designations will be read or played in chronological order. Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designations and counter-designations.

46.     All irrelevant and redundant material such as objections and colloquy between counsel will be eliminated when the deposition is read or viewed at trial to the extent feasible.

47.     Any party may use deposition testimony that is designated by another party, to the same effect as if it had initially designated the testimony as its own, subject to all objections.

48.     The parties may offer some or all of the deposition testimony set forth herein at trial.  A party's decision not to introduce some or all of the deposition testimony of a witness designated herein shall not be commented upon at trial.

49.     Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

50.     In order to reduce the number of duplicative exhibits, where a deposition excerpt refers to a document by exhibit number and that identical document was also marked as a different exhibit number, a party may substitute one exhibit for another.

## VII.     Comcast's Intended Proof

51.     Comcast's statement is limited to its expected proof with regard to its infringement claims, and does not address the proof that Comcast may choose to present in rebuttal to the defenses and counterclaims that Sprint may present in its case-in-chief or rebuttal case at trial.  Furthermore, Comcast's statement is based upon the current status of the case and the Court's current rulings. Comcast reserves the right to revise this statement in light of any further decisions or orders of the Court.

52.     During the trial of this action, Comcast intends to establish, through its presentation of evidence, that Sprint infringes claims 1, 12, 13, 27, and 29 of the '008 patent, claims 90 and 113 of the '046 patent, and claims 45, 47 and 48 of the '916 patent when it provides telephony service to subscribers using the Accused Products in the specific instances and use cases set forth in the opinions of Dr. Eric Burger.

53.     Comcast intends to establish, through its presentation of evidence, that Comcast is entitled to compensatory damages as a result of Sprint's infringement of the '916 patent, the '008 patent, and the '046 patent as outlined in paragraph 52 and the quantum of such damages.

## IX.     Sprint's Intended Proof

54.     Sprint intends to establish, through its presentation of evidence:

a.  that claims 1, 12, 13, 27 and/or 29 of the '008 patent are invalid because they are not patentably distinct from claim 12 of U.S. Patent No. 6,246,758, are invalid as anticipated by the prior art, and are invalid as obvious in light of the prior art;

b.  that claims 90 and/or 113 of the '046 are invalid as anticipated by the prior art, and are invalid as obvious in light of the prior art;

c.  that claims 45, 47 and/or 48 of the '916 patent are invalid because they are not patentably distinct from claims 11 and 20 of U.S. Patent No. 6,243,443, from claim 12 of U.S. Patent No. 6,246,758, and/or from claim 9 of U.S. Patent No. 6,282,281, are invalid as anticipated by the prior art, and are invalid as obvious in light of the prior art.

55.  Sprint also intends to establish that Comcast has not carried its burden of:

a.  proving that Sprint performs, under the doctrine of equivalents, every limitation of claims 45, 47, and/or 48 of the '916 patent when a Sprint Mobile Integration ("SMI") subscriber on a CDMA mobile handset makes a call to either another SMI subscriber or a Sprint Google Voice ("Google Voice") subscriber;

b.  proving that Sprint performs every limitation of claims 1, 12, 13, 27, and/or 29 of the '008 patent when an SMI subscriber on a CDMA mobile handset makes a call to any party except for a Sprint subscriber that is not an SMI or Google Voice user;

c.  proving that Sprint performs, under the doctrine of equivalents, every limitation of claims 1, 12, 13, 27, and/or 29 of the '008 patent when an SMI subscriber on a CDMA mobile handset makes a call to another SMI subscriber or a Google Voice subscriber;

    d.   proving that Sprint performs every limitation of claims 90 and/or 113 of the '046 patent when an SMI subscriber on a CDMA mobile handset calls another SMI subscriber or a Google Voice subscriber;

    e.   proving that Sprint performs, under the doctrine of equivalents, every limitation of claims 45, 47, and/or 48 of the '916 patent when a Google Voice subscriber makes a call to an SMI subscriber;

    f.   proving that Sprint performs every limitation of claims 1, 12, 13, 27, and/or 29 of the '008 patent when a Google Voice subscriber makes a call to any party except for a Sprint subscriber that is not an SMI user;

    g.   proving that Sprint performs, under the doctrine of equivalents, every limitation of claims 1, 12, 13, 27, and/or 29 of the '008 patent when a Google Voice subscriber makes a call to an SMI subscriber;

    h.   proving that Sprint performs every limitation of claims 90 and/or 113 of the '046 patent when a Google Voice subscriber makes a call to an SMI subscriber;

    i.   proving that Sprint performs, under the doctrine of equivalents, every limitation of claims 45, 47, and/or 48 of the '916 patent when a Sprint subscriber using an Airave 2 device makes a call to an SMI subscriber or a Google Voice subscriber;

    j.   proving that Sprint performs every limitation of claims 1, 12, 13, 27, and/or 29 of the '008 patent when a Sprint subscriber on Sprint's CDMA network makes a call to a user of an Airave 2 device;

    k.   proving that Sprint performs every limitation of claims 90 and/or 113 of the '046 patent when a Sprint subscriber using an Airave 2 device makes a call to an SMI subscriber or a Google Voice subscriber; and

l.   proving that Comcast, should it establish infringement, is entitled to the quantum of damages it is seeking.

**X.   Amendment to Pleadings**

56.   Neither party intends to request an amendment to its pleadings at the present time.

**XI.   Certification of Good Faith Efforts at Settlement**

57.   The parties hereby certify that they have engaged in a good faith effort to explore resolution of the controversy by settlement. The parties, in conjunction with their respective counsel, have considered the possibility of settlement. It was determined that the matter could not be resolved at this juncture by settlement.

**XII.   Other Matters**

    **A.   Order of Presentation of Evidence**

58.   Unless the Court specifies otherwise, the order of presentation of evidence will generally follow the burden of proof, as stated below:

a.   Opening Statements (Comcast first, followed by Sprint)

b.   Comcast's presentation of evidence of infringement and damages

c.   Sprint's presentation of evidence of non-infringement, invalidity, and rebutting Comcast's evidence of damages

d.   Comcast's presentation of evidence rebutting Sprint's evidence of invalidity

e.   Closing Arguments (Comcast first, followed by Sprint, followed by Comcast's rebuttal)

    **B.   Length of Trial**

59.   This case is currently scheduled for a five-day trial beginning at 9:30 a.m. Eastern Daylight Savings Time on October 6, 2014.  Subsequent trial days will begin at 9:30 a.m.

Eastern Daylight Savings Time and the jury will be excused each day by 4:30 p.m. Eastern

Daylight Savings Time.

60.     The trial will be timed.  The Court will allocate to counsel for each party a

number of hours in which to present their respective cases, including time for opening

statements, but not including time for voir dire.

### C.     Number of Jurors

61.     There shall be eight (8) jurors. The Court will conduct jury selection through the

"struck juror" method.

### D.     Jury Notes

62.     The parties agree that the jurors be permitted to write notes by hand during the

presentations of the parties and that jurors be permitted to bring these notes **[COMCAST**

**PROPOSAL:]** as well as the provided jury notebook **[END COMCAST PROPOSAL]** into the

deliberation room.  The parties further propose that the jurors be instructed not to exchange or

share their notes with each other (though they may discuss the contents of their notes) and that

the jurors' notes be collected by the clerk each evening after daily recess, and collected and

destroyed without review after the jury's discharge.

### E.     Handling of Confidential Information at Trial

63.     The parties agree to follow the provisions in the Protective Order entered in this

case regarding the confidentiality of exhibits used at trial.  The Protective Order, insofar as it

restricts the dissemination and use of "Designated Material," including documents marked

"Confidential – Outside Attorneys' Eyes Only" or "Confidential Source Code – Outside

Attorneys' Eyes Only," shall not apply to the introduction of evidence at trial.  However, any

non-disclosing party intending to use Designated Material at trial must provide notice of its

intent to the designating party 24 hours in advance and any party or third party may seek

appropriate court orders, including without limitation, an order which restricts the use of any

material covered by the Protective Order during the trial, requests that portions of the transcript

be sealed, or restricts access of the public to certain portions of the trial.

64.     Exhibits marked "Confidential – Outside Attorneys' Eyes Only" or "Confidential

Source Code – Outside Attorneys' Eyes Only" may be displayed on monitors visible to the

Court, the jury, and the parties, but will not otherwise be displayed in the courtroom during trial.

Only the parties' corporate representative may view the opposing party's confidential exhibits

when shown in the courtroom during trial, though no employee or representative of a party may

possess or review the confidential exhibits of the opposing party outside the courtroom.

**F.      Sequestration of Witnesses**

65.     Pursuant to Federal Rule of Evidence 615, the parties request that the Court

prevent fact witnesses, other than witnesses who have already testified and been excused, from

hearing the testimony of other witnesses. The parties further request that in accordance with

provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated

by each party as its representative.  The parties further request that expert witnesses disclosed

under Federal Rule of Civil Procedure 26(a)(2)(B) not be excluded for either fact or expert

testimony.

**G.      Set-up of Electronic and Computer Devices**

66.     The parties request that the Court grant access to the Courtroom on October 3,

2014, the business day before trial begins, to allow them to set up electronic and computer

devices to be used during the trial. To the extent that both sides will be sharing common

equipment in the Courtroom, each side will share the cost of that equipment.

### H.     Federal Judicial Center Introduction to Patent System Video

67.     The parties agree that the video will be played and the sample patent will be handed out to jurors as part of the Court's preliminary jury instructions.

### I.     Motions *in Limine*

68.     Comcast is not submitting any motions in limine.

69.     Sprint's Motions in Limine and associated briefing are attached as __Exhibits 10__ to __12__, followed by the accompanying declarations as __Exhibits 13__ (Sprint) and __14__ (Comcast).

CONNOLLY GALLAGHER LLP

*/s/ Ryan P. Newell*

Arthur G. Connolly, III (#2667)
Ryan P. Newell (#4744)
1000 West Street, Suite 1400
Wilmington, DE 19801
Tel:  (302) 757-7300
aconnolly@connollygallagher.com
rnewell@connollygallagher.com

MORRIS JAMES LLP

*/s/ Richard Herrmann*

Richard Herrmann (#405)
Mary B. Matterer (#2696)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel:  (302) 886-6918
rherrmann@morrisjames.com
mmatterer@morrisjames.com

IT IS HEREBY ORDERED **that this Final Pretrial Order shall control the**

**subsequent course of the action, unless modified by the Court to prevent manifest injustice.**

**IT IS SO ORDERED.**

Dated: _____, 2014

_____
The Honorable Richard G. Andrews
Judge of the United States District Court

21