IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMCAST IP HOLDINGS I LLC, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 12-205-RGA |
| SPRINT COMMUNICATIONS COMPANY LP, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Sprint filed a motion in limine seeking to exclude profits and/or revenues relating to the accused products as being in violation of the entire market value rule. (D.I. 302-1 at 2-4). Comcast responded that its damages expert did not claim to be using the entire market value rule, and that she had apportioned revenues and/or profits between the patented technology and the unpatented technology in the accused products. (D.I. 302–1 at 5-7). I did not think the limited argument was enough for a good decision, and asked for further submissions including a proffer of the Comcast expert's testimony. I now have the proffer. (D.I. 310).

I note that the matters in dispute are merely a portion of the expert's proposed testimony. As I understand it, if I rule in Sprint's favor, Comcast still has a basis to seek damages, and I believe in the same amount as it is presently seeking.

If Comcast's expert had properly apportioned the revenues, and then proceeded from there, I would be inclined to allow the revenues and/or profits numbers for the accused products, for the reasons stated by other district courts, namely, an expert needs a logical starting place for

analysis. (*See* D.I. 302-1 at 6 (citing cases)).

I do not see, however, that Comcast's expert has made the sort of apportionment that the law requires. The proffer has three paragraphs about apportionment. (D.I. 310 at 6). The three paragraphs state that the accused products have three functionalities, only one of which is substantially implicated by the asserted patents. Non-technology factors contribute to the value of the products. Use patterns contribute to the value. Indeed, Comcast's witness conceded in her deposition that she did not do a "numerical calculation" to arrive at a percentage to apply to the profits. (D.I. 311 at 3 (quoting D.I. 311 at 7)). Apportionment does not seem possible without a numerical calculation. There is no evident apportionment in the proffer, and I do not see any apportionment in the lengthy sections of the expert's report that are attached to the proffer.

I do not see the discussion in relation to *Georgia Pacific* factor 13 as being any sort of apportionment analysis. (D.I. 310-2 at 9).

The Federal Circuit has repeatedly emphasized the need to "carefully tie proof of damages to the claimed invention's footprint in the market place." *Virnetx, Inc. v. Cisco Sys., Inc.*, 2014 WL 4548722, at *17 (Fed. Cir. Sept. 16, 2014) (citations omitted) (internal quotation marks omitted). Based on the materials submitted so far, I do not see that Comcast has done this.

I asked for the proffer in response to the concern that Comcast was going to violate the entire market value rule. I was most interested in the use of the numbers associated with the accused products. It is possible that had I, at the pretrial conference, focused on apportionment, I would have gotten a different proffer. Thus, if Comcast wants to pursue its "income approach," I will give it to COB September 30, 2014, to submit a proffer with some detail as to how much of the revenues and/or profits it apportioned to the patented technology, and what the basis for that apportionment is. Otherwise, the "income approach" and the corresponding revenues and/or

profits for the accused products will be excluded.

IT IS SO ORDERED this 29th day of September 2014.

_____
United States District Judge